IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                          )      CIVIL ACTION NO.
        Plaintiff, )
                                          )      **1:05CV00271**
        v. )
                                          )      **COMPLAINT**
SUNSHINE DAY CARE )
OF CONCORD, INC. )      **JURY TRIAL DEMAND**
                                          )
        Defendant. )

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, to remedy the breach of a Conciliation Agreement resolving a charge filed with the Commission. The Commission alleges that it entered into a Conciliation Agreement with Defendant Sunshine Day Care of Concord, Inc. ("Defendant") on August 11, 2004, in settlement of a charge filed by charging party, Priscilla Brown. The Commission further alleges that Defendant breached the Conciliation Agreement by failing and refusing to abide by the terms thereof.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2. The breach of contract alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this lawsuit pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Concord and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  On February 2, 2004, Priscilla Brown filed Charge No. 140-2004-02551 with the Commission, alleging violations of Title VII by Defendant. In her charge, Brown alleged that from approximately May 31, 2003 and continuing, she was subjected to sexual harassment by Defendant's owner. Brown further alleged that she was discharged in January 2004, in retaliation for rejecting the sexual advances made by Defendant's owner.

7.  The Commission investigated Brown's charge, and issued a determination letter dated May 25, 2004. In the determination letter, the Commission found that Defendant had violated Title VII by subjecting Brown to sexual harassment. The Commission thereafter successfully settled the sexual harassment claim through voluntary conciliation with Defendant and Brown. The terms of the settlement were memorialized in a "Conciliation Agreement"

signed by Defendant on July 1, 2004, Brown on July 26, 2004, and the Commission on August 11, 2004. A true and correct copy of the Conciliation Agreement is attached hereto as Exhibit A and incorporated herein by reference.

8. Under the terms of Conciliation Agreement, Defendant was required to: (1) implement and post a sexual harassment policy within ten days of the final execution of the Conciliation Agreement; and (2) pay Priscilla Brown five hundred dollars ($500) in monetary damages within ten days of receipt of the final executed Conciliation Agreement from EEOC. Since August 2004, Defendant has breached the Conciliation Agreement by failing and refusing to comply with the terms thereof.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a judgment ordering Defendant to pay Priscilla Brown five hundred dollars ($500), the amount of damages Defendant negotiated and agreed to pay, plus prejudgment interest.

B. Order Defendant to make whole Priscilla Brown by providing her compensation for any past and future pecuniary losses resulting from the breach of the Conciliation Agreement attached hereto as Exhibit A, in amounts to be determined at trial.

C. Grant a judgment ordering Defendant to pay the legal costs associated with the collection of the amount due and owing.

D. Order Defendant to implement and post a sexual harassment policy at all of its facilities.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

3

F.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the ___ day of March, 2005.

        ERIC S. DREIBAND
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 "L" Street, N.W.
        Washington, D.C. 20507

        _____
        LYNETTE A. BARNES
        Acting Regional Attorney

        _____
        MARY M. RYERSE
        Trial Attorney
        Charlotte District Office
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        129 W. Trade Street, Suite 400
        Charlotte, North Carolina 28202

## CONCILIATION AGREEMENT

IN THE MATTER OF:

    UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

    and                               140200402551 Charge Number

    Priscilla Brown
    5110 Teakwood Drive
    Kannapolis, NC 28083     CHARGING PARTY

    and

    Sunshine Daycare, Inc.
    848 Old Charlotte Road, SW
    Concord, NC 28027

An investigation having been made under Title VII of the Civil Rights Act of 1964, as amended by the U. S. Equal Employment Opportunity Commission (EEOC) and reasonable cause having been found, the parties do resolve and conciliate this matter as follows:

PLAINTIFF'S EXHIBIT A

## GENERAL PROVISIONS

1. Priscilla Brown Charging Party agrees not to sue Sunshine Daycare, Inc. with respect to any allegations contained in the above-referenced charge. EEOC agrees not to use the above-referenced charge as the jurisdictional basis for filing a lawsuit against Sunshine Daycare, Inc. However, nothing in this Agreement shall be construed to preclude EEOC and/or any aggrieved individual(s) from bringing suit to enforce this Agreement in the event that Sunshine Daycare, Inc. fails to perform the promises and representations contained herein. Neither does it preclude Priscilla Brown or the Commission from filing charges in the future.

2. EEOC reserves all rights to proceed with respect to matters like and related to these matters but not covered in this Agreement and to secure relief on behalf of aggrieved persons not covered by the terms of this Agreement.

3. Sunshine Daycare, Inc. agrees that it shall comply with all requirements of Title VII.

4. The parties agree that there shall be no discrimination or retaliation of any kind against any person because of opposition to any practice declared unlawful under Title VII; or because of the filing of a charge; giving of testimony or assistance; or participation in any manner in any investigation, proceeding, or hearing under Title VII.

## EMPLOYMENT POLICIES AND PRACTICES

1. <u>Cessation Provision</u>

    Sunshine Daycare, Inc. agrees to cease discriminating on the basis of sex in all phases of employment including recruitment, hiring, job assignment, promotion, training, and other terms, conditions or privileges of employment.

2. Sunshine Daycare, Inc. agrees to establish and post a sexual harassment policy within ten days of the final execution of this agreement.

## CHARGING PARTY RELIEF

1. Sunshine Daycare, Inc. agrees to pay Priscilla Brown, Five Hundred Dollars ($500.00) net, as a total monetary resolution of the subject charge.

2. Sunshine Daycare, Inc. agrees to prepare a certified check made payable to Priscilla Brown in the above amount and send it to her at 5110 Teakwood Drive, Kannapolis, NC 28083 within ten days of receipt of this agreement signed by an official of this office.

3. Sunshine Daycare, Inc. agrees to provide neutral references for Priscilla Brown, if requested by prospective employers.

## CONSENT FOR RELEASE OF NOTICE

In view of the voluntary undertaking on the part of all parties concerned, it is agreed that the terms of this agreement shall be considered and treated as confidential.

## REPORTING REQUIREMENTS

Sunshine Daycare, Inc. agrees to immediately notify the District Director, EEOC, Charlotte District Office, 129 West Trade Street, Charlotte, NC, 28202 upon completion of provisions specified under Charging Party Relief, paragraph 2 and Employment Practices, paragraph 2.

**SIGNATURES**

I have read this Agreement and I accept and agree to its provisions.

DATE 7-01-04                              *James Water*
                                          Signature of Respondent

DATE 7-26-04                              *Priscilla Brown*
                                          Signature of Charging Party

Approved on Behalf of the Commission:

DATE 8/11/04                              *Gloria J. Barnett for*
                                          Reuben Daniels, Jr.
                                          Director
                                          Charlotte District Office